UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ricky Lee Collins, Jr., <br><br> Petitioner, <br><br> v. <br><br> Warden T. Beltz, <br><br> Respondent. | Case No. 19-cv-2666 (DSD/HB) <br><br><br> **REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on Petitioner Ricky Lee Collins, Jr.'s Petition for Writ of Habeas Corpus [Doc. No. 1], Motion to Expand Record [Doc. No. 11], Motion for Discovery [Doc. No. 18], and Motion to Amend Discovery Request [Doc. No. 20].[1] Collins filed his habeas petition pursuant to 28 U.S.C. § 2254, challenging his conviction of possession of a firearm and ammunition by an ineligible person. (Pet. at 1[2] [Doc. No. 1].) Collins is incarcerated at the Minnesota Correctional Facility in Faribault, Minnesota. The petition and motions have been referred to this Court pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1 for the issuance of a report and recommendation. The Court concludes that Collins is not entitled to habeas relief and recommends that the petition and motions be denied.

---

[1] The Court ordinarily would address Collins' nondispositive motions in a separate order. The Court has addressed them in this Report and Recommendation, however, because they relate to the merits of the habeas petition.

[2] For all docket entries cited in this Report and Recommendation, the Court cites to the page number assigned by the CM/ECF system.

**I.   Background**

In April 2016, Collins was pulled over by a police officer for driving a car with no bumper, a broken windshield, and no front license plate. *State v. Collins*, No. A17-0679, 2018 WL 1701845, at *1 (Minn. Ct. App. Apr. 9, 2018), *review denied* (June 19, 2018). Two women, J.B. and S.F., were passengers in the back seat of the car. *Id.* The officer searched the car and seized a handgun and several rounds of ammunition. *Id.* Collins and J.B. were arrested and taken to jail. *Id.* Collins was released on bond. *Id.*

Collins failed to appear for an August 2016 omnibus hearing at which his attorney had intended to challenge the search of the car. *Id.* An arrest warrant was issued, his bond was forfeited, and his attorney was discharged. *Id.* Collins was arrested in October 2016 and returned to Minnesota. *Id.* He was not represented at the subsequent bail hearing, but the court appointed a new public defender to represent him going forward. *Id.*

A second omnibus hearing was scheduled in November 2016, but because Collins' attorney had not filed a statement of issues to be decided, the State had not prepared any witnesses. *Id.* Collins demanded a speedy trial and asked to waive the evidentiary issues he had planned to raise at the omnibus hearing so that the 60-day speedy-trial clock could begin running immediately. *Id.* The state district court agreed and scheduled trial for December 2016. *Id.*

At the State's request and over Collins' objection, the court later granted a two-week continuance of the trial so that the State could complete its analysis of fingerprint evidence. *Id.* at *2. A jury trial was held in January 2017. *Id.* During the State's case-

2

in-chief, the police officer who stopped the car testified that Collins had admitted holding a clip of ammunition, and the State played portions of the officer's squad car video for the jury. *Id.* Collins wanted the jury to see the entire video, but his attorney believed some parts of the video were inadmissible and prejudicial. *Id.* Collins then fired his attorney and represented himself for the rest of the trial. *Id.* A forensic expert testified she found Collins' DNA on both the handgun and two ammunition clips. *Id.* Collins testified that he did not know the gun or the ammunition were in the car. *Id.* He was convicted of illegal possession of the firearm and ammunition. *Id.*

Collins appealed to the Minnesota Court of Appeals on two grounds. He argued that (1) his right to due process was violated when he had to choose between challenging the admissibility of the state's evidence at the omnibus hearing and his right to a speedy trial; and (2) the evidence showed he was not aware of the firearm and ammunition in the car. *Id.* at *1. The court of appeals upheld the conviction against both challenges. *Id.* Collins sought review by the Minnesota Supreme Court, which denied review on June 19, 2018.

Collins filed a petition for postconviction review on October 16, 2018, in the state district court. (Pet. at 4.) He raised the following grounds for relief: (1) fraudulent and perjurious testimony, (2) the State's failure to disclose exculpatory evidence, (3) the improper admission of an edited video, (4) improprieties in jury selection, (5) ineffective assistance of counsel, (6) lack of representation at his bail hearing, (7) a violation of his *Miranda* rights, (8) innocence, and (9) newly discovered evidence. (*Id.*) The petition was denied in its entirety on December 3, 2018, on the basis of *State v. Knaffla*,

3

243 N.W.2d 737, 741 (1976), because the court determined Collins had known about all of the grounds when he filed his direct appeal but failed to raise them. (Pet. at 4; Pet. Ex. 1 at 40–44.) Collins appealed, and the Minnesota Court of Appeals affirmed in all respects. (Zettler Aff. Ex. 26 [Doc. No. 17-27].) The Minnesota Supreme Court denied review. (Zettler Aff. Ex. 28 [Doc. No. 17-29].)

In Collins' habeas petition filed in this Court, he makes the same due process argument (Ground 1) and insufficient evidence argument (Ground 2) that he raised in his direct appeal to the state courts. (Pet. at 5, 7.) He also raises the same or similar grounds that he asserted in his postconviction petition:

- Ground 3: Failure of the State to disclose the transcript of J.B.'s change-of-plea hearing;
- Ground 4: Perjury and fraudulent testimony;
- Ground 5: Violation of his *Miranda* rights;
- Ground 6: Tampered evidence (edited squad car video);
- Ground 7: Improper jury selection and failure to record voir dire;
- Ground 8: Lack of representation during the bail hearing;
- Ground 9: Ineffective assistance of counsel; and
- Ground 10: Newly discovered evidence (J.B.'s plea transcript).

Respondent asks the Court to deny Collins' habeas petition in its entirety.

## II. Discussion

Habeas relief under 28 U.S.C. § 2254 may be warranted in three circumstances: (1) when a state court decision was contrary to clearly established federal law, (2) when a

state court decision involved an unreasonable application of clearly established federal law, or (3) when a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1), (2).

The United States Supreme Court discussed the meaning of the "contrary to" and "unreasonable application" clauses of § 2254(d) in *Williams v. Taylor*, 529 U.S. 362 (2000). A state court decision is "contrary to" the Supreme Court's precedent if it "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or if it "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *Williams*, 529 U.S. at 405. A state court decision is an "unreasonable application" of Supreme Court precedent if it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The habeas court must "ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409. A federal court may not find a state adjudication to be unreasonable "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

As to the third clause of § 2254(d), a federal habeas court "presumes that the state court's factual determinations are correct." *Lee v. Gammon*, 222 F.3d 441, 442 (8th Cir. 2000) (citing § 2254(e)(1)). This deference applies to factual determinations made by the state trial and appellate courts. *Sumner v. Mata*, 449 U.S. 539, 547 (1981). The petitioner has "the burden of rebutting the presumption of correctness by clear and

5

convincing evidence." 28 U.S.C. § 2254(e)(1); *Whitehead v. Dormire*, 340 F.3d 532, 539 (8th Cir. 2003).

### A.  Due Process (Ground One)

Collins argues his due process rights were violated because he was forced to choose between his right to challenge the admissibility of the State's evidence against him and his right to a speedy trial. Collins fairly presented the federal nature of this claim to the Minnesota state courts. (*See* Zettler Aff. Ex. 13 at 16–17 [Doc. No. 17-14], Ex. 16 at 6–8 [Doc. No. 17-17].)

The Minnesota Court of Appeals rejected Collins' argument that he was forced to choose between his right to a speedy trial and his right to challenge the admissibility of evidence, upon finding that he was not actually required to make that choice. Rather, "he was told that he could either have a hearing and then start the speedy trial period running or start the speedy trial period running immediately and [forgo] the hearing." *Collins*, 2018 WL 1701845, at *2. Thus, the choice offered to Collins "was whether to have the hearing before starting the 60-day period." *Id.*

The progression of a criminal case to trial "often requires suspects and defendants to make difficult choices." *South Dakota v. Neville*, 459 U.S. 553, 564 (1983) (addressing the defendant's choice whether to submit to or refuse a blood-alcohol test); *see also McMann v. Richardson*, 397 U.S. 759, 769 (1970) (recognizing the difficult decision to plead guilty before knowing all of the evidence). "Although a defendant may have a right, even of constitutional dimensions, to follow whichever course he chooses, the Constitution does not by that token always forbid requiring him to choose."

6

*McGautha v. California*, 402 U.S. 183, 213 (1971), *reh'g granted, judgment vacated sub nom. Crampton v. Ohio*, 408 U.S. 941 (1972). "The threshold question is whether compelling the election impairs to an appreciable extent any of the policies behind the rights involved." *Id.*

The state district court required Collins to choose between (1) challenging the admissibility of the State's evidence and beginning the 60-day speedy-trial clock after that process or (2) starting the 60-day speedy-trial clock immediately but foregoing the right to challenge the admissibility of the State's evidence. That was a difficult choice, but it did not violate due process. If Collins had chosen to challenge the admissibility of evidence at a rescheduled omnibus hearing, the 60-day speedy-trial clock would not have started until that the admissibility issues were resolved. Collins then would have benefitted fully from both the right to challenge the admissibility of evidence and the right to a speedy trial.

Collins seems to believe he was entitled to the speediest trial possible, but the right to a speedy trial does not extend that far. *See United States v. Ashimi*, 932 F.2d 643, 648 (7th Cir. 1991) (noting the Sixth Amendment "guarantees only a speedy trial, not the speedier or speediest trial"). Collins wanted a trial as quickly as possible, and to obtain that result, he had to waive his right to a contested omnibus hearing. That is not unusual in a criminal proceeding; litigating the lawfulness of a search before trial necessarily causes some delay.

In addition, as the Minnesota Court of Appeals noted, Collins chose not to appear at his first omnibus hearing, thereby delaying his case for months and affecting the

7

speediness of his own trial. *Collins*, 2018 WL 1701845, at *3 (remarking that Collins chose to "absent[] himself from the first scheduled omnibus hearing in August and remain[] in another state until October, thus delaying the hearing until November. That choice had, inevitably, an impact on his right to a speedy trial."). There is no indication the State was not prepared to proceed with its witnesses at the first omnibus hearing. Thus, Collins bears at least some of the responsibility for any tension between his right to a speedy trial and his right to challenge the State's evidence. As the court of appeals said, the fact that his "omnibus hearing had not already occurred when he decided to start the 60–day speedy trial period running was the result of his own choices." *Id.*

Finally, and most importantly for the purpose of habeas review, there is no clearly established federal law concluding that the choice posed to Collins—either to have a contested omnibus hearing and start the 60-day speedy-trial clock afterward or to forgo the omnibus hearing and start the 60-day speedy-trial clock immediately—is a violation of due process. Accordingly, Collins is not entitled to habeas relief on Ground One of the petition.

### B.     Insufficient Evidence (Ground Two)

Collins contends the evidence was not sufficient to support his conviction because J.B. claimed ownership of the gun and said Collins did not know about it; neither the gun nor the ammunition was found on his person; the car and the gun were registered to J.B.; and his fingerprints were not detected on the gun or ammunition. (Pet. at 7.) Collins fairly presented the federal nature of this claim to the Minnesota Court of Appeals (*see* Zettler Aff. Ex. 13 at 27) but not the Minnesota Supreme Court (*see* Zettler Aff. Ex. 16).

8

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, . . . thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. . . . To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (cleaned up). "[T]o fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997). Collins did none of these in his petition for review to the Minnesota Supreme Court. Indeed, he did not present the sufficiency-of-the-evidence issue in his petition at all. (*See* Zettler Aff. Ex. 16.) The Court concludes that Collins did not fairly present Ground Two to the Minnesota Supreme Court.

The next question is whether Collins could return to state court and exhaust the claim or whether the claim is procedurally defaulted. If a state court remedy no longer exists because, for example, a procedural rule would prevent future litigation of the claim in the state courts, the claim is considered procedurally defaulted. *Murphy v. King*, 652 F.3d 845, 849 (8th Cir. 2011).

Under Minnesota state law, "where a direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976). *Knaffla* precludes consideration of not only claims that were actually

9

raised on direct appeal but also claims that a defendant knew about or should have known about but did not raise. *Id.* When the *Knaffla* rule would bar an individual from raising his claims in state court because he did not raise them previously on direct appeal, those claims are procedurally defaulted in federal court. *Murphy*, 652 F.3d at 849; *McCall*, 114 F.3d at 757.

The Court concludes the *Knaffla* rule would bar Collins from raising his federal insufficient-evidence claim to the Minnesota Supreme Court. Collins clearly knew about the claim when he filed his petition for review, since he had raised it to the Minnesota Court of Appeals. Therefore, the claim is procedurally defaulted.

The Court may not review a procedurally defaulted claim on habeas review unless the petitioner "is able to demonstrate either cause for his default and actual prejudice, or that the failure to consider his claims would result in a fundamental miscarriage of justice." *See McCall v. Benson,* 114 F.3d 754, 758. To establish cause for the default, a petitioner generally must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish prejudice, the petitioner "must show that the errors of which he complains 'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Ivy v. Caspari*, 173 F.3d 1136, 1141 (8th Cir. 1999) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)) (emphasis in *Ivy* omitted). A court need not consider prejudice unless the petitioner demonstrates cause. *McCall,* 114 F.3d at 758.

The second exception—miscarriage of justice—is available only "when the

10

petitioner makes a showing, based on new evidence, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir. 1995) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). If neither exception applies, the procedural default cannot be excused, and the court should deny the petition without reaching the merits of the claims. *See Carney v. Fabian,* 441 F. Supp. 2d 1014, 1029 (D. Minn. 2006).

Beginning with the cause-and-prejudice inquiry, Collins has not explained why he did not present the insufficient-evidence claim to the Minnesota Supreme Court. That is, he has not identified an objective factor that impeded his ability to raise the issue to that court. If his appellate attorney did not want to make the argument, Collins could have filed a pro se brief. Because Collins has not shown cause, the Court need not discuss prejudice.

With respect to the miscarriage-of-justice exception, Collins has not come forth with *new* evidence showing that a constitutional violation likely resulted in the conviction of an actually innocent person. Therefore, the exception cannot apply.

Because neither exception applies, the Court cannot excuse the procedural default, and Ground Two of the petition should be denied without reaching the merits.

    **C.**    **Grounds Three Through Ten**

The state postconviction court determined that Collins could have raised in his direct appeal the grounds for relief he now raises in Grounds Three through Ten of his habeas petition. Collins does not disagree. This Court accordingly finds the claims procedurally defaulted. Collins has not explained why he did not raise the defaulted

arguments on direct appeal. Consequently, Collins has not demonstrated cause for the default. Nor has he presented new evidence showing that he is actually innocent. Instead, he merely repeats previous challenges to evidence that was admitted or excluded at trial. As with Ground Two, neither exception to procedural default applies, and the petition should be denied as to Grounds Three through Ten without reaching the merits of those claims.

### D.     Collins' Motions

Collins has filed three motions. In his Motion to Expand Record [Doc. No. 11], he asks for an unedited copy of the video recording from the arresting officer's squad car because he believes the prosecutor tampered with the videos and elicited perjured testimony at trial. In his Motion for Discovery [Doc. No. 18], Collins repeats his request for the video recording and also asks for unspecified discovery related to J.B. and the other passenger in the car, fingerprint evidence, pictures, and transcripts. In the Motion to Amend Discovery Request [Doc. No. 20], Collins attaches a letter from his appellate attorney, Julie Loftus Nelson, in which she states that no transcript of the squad video recording was made. Collins also refers to a transcript of J.B.'s plea hearing and statement of probable cause.

Unlike a civil litigant, a habeas petitioner "is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a party in a habeas action may not conduct discovery unless warranted by good cause and authorized by the Court. "Good cause" in the habeas context "requires a showing that the

12

petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to habeas relief." *Rucker v. Norris*, 563 F.3d 766, 771 (8th Cir. 2009) (cleaned up).

Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts allows a party to expand the record with additional materials relating to the habeas petition, but the party must satisfy the requirements of 28 U.S.C. § 2254(e)(2). *Mark v. Ault*, 498 F.3d 775, 788 (8th Cir. 2007). That section provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
>> (A) the claim relies on--
>>
>>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>>
>>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>>
>> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

With respect to the video recording from the arresting officer's squad car, Collins' motions should be denied. All video and audio recordings from the officer were provided to Collins during trial after he decided to represent himself. (Zettler Aff. Ex. 9 at 7 [Doc. No. 17-10].) Collins received his own copy of all video evidence in the State's possession, which he acknowledged to the trial court. (*Id.* at 22.) The prosecutor explained to Collins how the recordings were organized into different files. The trial

court permitted Collins to watch the entirety of the video recordings during a recess, in the presence of the prosecutor, standby counsel, and the court, outside the presence of the jury. (*Id.* at 21.) Collins agreed that portions of the recordings were prejudicial and should not be played for the jury. (*Id.* at 27.)

Collins provides no basis, other than mere speculation, on which the Court could conclude the State did not give him all the video evidence or that the State tampered with the video evidence. Splitting the video into different files for the purpose of playing certain portions to the jury is not improper. Consequently, the Court finds no good cause for allowing discovery of the squad car video footage. The Court further finds the factual basis of the habeas claim was fully developed at trial; there is no new, retroactive constitutional law that would apply; and the factual predicate not only could have been—but was—previously discovered. Therefore, Collins is not entitled to further discovery of video or audio recordings, nor will the Court allow Collins to expand the record as to such evidence.

With respect to Collins' request and amended request for discovery related to J.B. and the other passenger in the car, fingerprint evidence, pictures, and transcripts, Collins has not shown good cause for this discovery. That is, Collins has not explained how the evidence he seeks will entitle him to habeas relief. He argues only that certain statements were not played for the jury, the trial was not fair, the case needs to be "open[ed] up," and the Court should see the evidence. (Mot. Discovery at 1–2 [Doc. No. 18].) Accordingly, the Court recommends that these requests for discovery be denied.

14

### E. Certificate of Appealability

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability (COA). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, the Court finds it highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Collins' claims any differently than they have been decided here. Collins has not identified, and the Court cannot independently discern, anything novel, noteworthy, or worrisome about this case that warrants appellate review. It is therefore recommended that Collins not be granted a COA in this matter.

### IV. Recommendation

Based on the foregoing and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Ricky Lee Collins, Jr.'s Petition for Writ of Habeas Corpus [Doc. No. 1] be **DENIED**;

2. Collins' Motion to Expand Record [Doc. No. 11] be **DENIED**;

3. Collins' Motion for Discovery [Doc. No. 18] be **DENIED**;

4. Collins' Motion to Amend Discovery Request [Doc. No. 20] be **DENIED**;

5. This action be **DISMISSED WITH PREJUDICE**; and

6.      A certificate of appealability not be granted.

Date: May 29, 2020           s/ *Hildy Bowbeer*
                                     HILDY BOWBEER
                                     United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).